UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,
an individual,

       Plaintiff,

vs.

E-COVER ME, INC., a Missouri corporation, d/b/a Senior Benefits Life Insurance, ROYAL NEIGHBORS OF AMERICA, an Illinois fraternal insurer, JASON ROBERT WILLIAMS, an individual, ROSS OWEN GRIFFON, an individual, and HOWARD TODD JENDLIN, an individual,

       Defendants.

Hon. Mark A. Goldsmith

Case No.: 2:22-cv-10009-MAG-JJCG

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

---

| | |
|---|---|
| MARK W. DOBRONSKI<br>Pro Se<br>P.O. Box 85547<br>Westland, MI 48185<br>markdobronski@yahoo.com | Kevin J. Elias (P60133)<br>UFER, SPANIOLA & FROST, P.C.<br>Attorney for Defendants<br>E-Cover Me, Inc.<br>Jason Robert Williams<br>Ross Owen Griffon<br>Howard Todd Jendlin<br>5440 Corporate Drive, Suite 250<br>Troy, MI 48098<br>(248) 641-7000<br>kje@usf-law.com<br><br>Mark S. Demorest (P35912)<br>Derek R. Mullins (P81422)<br>DEMOREST LAW FIRM, PLLC<br>Attorneys for Defendant Royal<br>322 W. Lincoln Avenue<br>Royal Oak, MI 48067<br>(248) 723-5500<br>mark@demolaw.com<br>derek@demolaw.com |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendants E-Cover Me, Inc., Jason Robert Williams, Ross Owen Griffon and Howard Todd Jendlin, by and through their attorneys, Ufer, Spaniola & Frost, P.C., and for their answer to Plaintiff's Complaint states as follows:

1. As to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

### PARTIES

2. As to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

3. As to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendants plead no contest.

4. As to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Defendants are without sufficient information to formulate a response and therefore leave Plaintiff to his proofs.

5. As to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendants plead no contest.

6. As to the allegations contained in Paragraph 6 of Plaintiff's Complaint, Defendants plead no contest.

7. As to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Defendants plead no contest.

### JURISDICTION AND VENUE

8. As to the allegations contained in Paragraph 8 of Plaintiff's Complaint, no responsive pleading is required as the statutes speak for themselves in their entirety.

9. As to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Plaintiff asserts a legal conclusion to which no responsive pleading is required.

10. As to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Plaintiff asserts a legal conclusion to which no responsive pleading is required.

11. As to the allegations contained in Paragraph 11 of Plaintiff's Complaint, Defendants admit that E-Cover Me is a licensed insurance company. As to the balance of the allegations, Defendants neither admit nor deny but leave Plaintiff to his proofs.

12. As to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

13. As to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

14. As to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

**GENERAL ALLEGATIONS**

15. As to the allegations contained in Paragraph 15 of Plaintiff's Complaint, no responsive pleading is required as Paragraph 15 does not contain an allegation against Defendants.

16. As to the allegations contained in Paragraph 16 of Plaintiff's Complaint, no responsive pleading is required as Paragraph 16 does not contain an allegation against Defendants.

17. As to the allegations contained in Paragraph 17 of Plaintiff's Complaint, no responsive pleading is required as Paragraph 17 does not contain an allegation against Defendants.

18. As to the allegations contained in Paragraph 18 of Plaintiff's Complaint, no responsive pleading is required as the Regulations cited speaks for itself in its entirety.

19. As to the allegations contained in Paragraph 19 of Plaintiff's Complaint, no responsive pleading is required as the act speaks for itself in its entirety.

20. As to the allegations contained in Paragraph 20 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

21. As to the allegations contained in Paragraph 21 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

22. As to the allegations contained in Paragraph 22 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

23. As to the allegations contained in Paragraph 23 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

24. As to the allegations contained in Paragraph 24 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

25. As to the allegations contained in Paragraph 25 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

26. As to the allegations contained in Paragraph 26 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

27. As to the allegations contained in Paragraph 27 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

28. As to the allegations contained in Paragraph 28 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

29. As to the allegations contained in Paragraph 29 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

30. As to the allegations contained in Paragraph 30 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

31. As to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

32. As to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

33. As to the allegations contained in Paragraph 33 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

34. As to the allegations contained in Paragraph 34 of Plaintiff's Complaint, no responsive pleading is required as the rules and regulations regarding the Telephone Consumer Protection Act speak for itself in its entirety.

35. As to the allegations contained in Paragraph 35 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

36. As to the allegations contained in Paragraph 36 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

37. As to the allegations contained in Paragraph 37 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

38. As to the allegations contained in Paragraph 38 of Plaintiff's Complaint, no responsive pleading is required as the statute speaks for itself in its entirety.

39. As to the allegations contained in Paragraph 39 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Plaintiff has misinterpreted the TCPA's regulations.

40. As to the allegations contained in Paragraph 40 of Plaintiff's Complaint, no responsive pleading is required as the declaratory ruling speaks for itself in its entirety. To the extent a responsive pleading is required, Defendants are not liable under those guidelines.

41. As to the allegations contained in Paragraph 41 of Plaintiff's Complaint, no responsive pleading is required as the cases cited in the allegation speak for themselves in their entirety.

42. As to the allegations contained in Paragraph 42 of Plaintiff's Complaint, no responsive pleading is required as it is not an allegation against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

43. As to the allegations contained in Paragraph 43 of Plaintiff's Complaint, Defendants deny as false and untrue. By way of further answer, Plaintiff requested to be contacted regarding the life insurance policy.

44. As to the allegations contained in Paragraph 44 of Plaintiff's Complaint, Defendants deny as false and untrue. By way of further answer, Plaintiff requested to be contacted regarding the life insurance policy.

45. As to the allegations contained in Paragraph 45 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

46. As to the allegations contained in Paragraph 46 of Plaintiff's Complaint, Defendants deny as false and untrue.

47. As to the allegations contained in Paragraph 47 of Plaintiff's Complaint, Defendants deny as false and untrue.

48. As to the allegations contained in Paragraph 48 of Plaintiff's Complaint, Defendants deny as false and untrue.

49. As to the allegations contained in Paragraph 49 of Plaintiff's Complaint, Defendants deny as false and untrue.

50. As to the allegations contained in Paragraph 50 of Plaintiff's Complaint, no responsive pleading is required as the allegation cites a federal statute. To the extent a responsive pleading is required, Defendants neither admit not deny but leave Plaintiff to his proofs.

51. As to the allegations contained in Paragraph 51 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

## ALLEGATIONS SPECIFIC TO THIS COMPLAINT

52. As to the allegations contained in Paragraph 52 of Plaintiff's Complaint, Defendants do not contest the allegations.

53. As to the allegations contained in Paragraph 53 of Plaintiff's Complaint, Defendant E-Cover Me does contract with a telemarketing company. As to the balance of the allegations, Defendants deny as false and untrue,

54. As to the allegations contained in Paragraph 54 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

55. As to the allegations contained in Paragraph 55 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

56. As to the allegations contained in Paragraph 56 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

57. As to the allegations contained in Paragraph 57 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

58. As to the allegations contained in Paragraph 58 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

59. As to the allegations contained in Paragraph 59 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not made against Defendants. To the extent a responsive pleading is required, Defendants neither admit nor deny but leave Plaintiff to his proofs.

60. As to the allegations contained in Paragraph 60 of Plaintiff's Complaint, Defendants deny as false and untrue.

**TERMINATED CALLS**

61. As to the allegations contained in Paragraph 61 of Plaintiff's Complaint, no responsive pleading is required as the allegations are not directed toward Defendants. To the extent a responsive pleading is required, Defendants assert the listed calls did not originate from Defendants' telemarketing agency.

62. As to the allegations contained in Paragraph 62 of Plaintiff's Complaint, no responsive pleading is required as the statement does not contain an allegation against Defendants. To the extent a responsive pleading is required, Defendants assert the listed calls did not originate from Defendants' telemarketing agency.

63. As to the allegations contained in Paragraph 63 of Plaintiff's Complaint, no responsive pleading is required as the statement does not contain an allegation against Defendants. To the extent a responsive pleading is required, Defendants assert the listed calls did not originate from Defendants' telemarketing agency.

64. As to the allegations contained in Paragraph 64 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

**CALL NUMBER 1**

65. As to the allegations contained in Paragraph 65 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs. By way of further answer, the September 2, 2021 call did not originate from Defendants' telemarketing agency.

66. As to the allegations contained in Paragraph 66 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

67. As to the allegations contained in Paragraph 67 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

68. As to the allegations contained in Paragraph 68 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

69. As to the allegations contained in Paragraph 69 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

70. As to the allegations contained in Paragraph 70 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

### CALL NUMBER 2

71. As to the allegations contained in Paragraph 71 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

72. As to the allegations contained in Paragraph 72 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

73. As to the allegations contained in Paragraph 73 of Plaintiff's Complaint, Defendants admit that Howard Jendlin placed a call to Plaintiff who disguised himself by using an improper name.

74. As to the allegations contained in Paragraph 74 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

75. As to the allegations contained in Paragraph 75 of Plaintiff's Complaint, Defendants do not contest the allegations.

76. As to the allegations contained in Paragraph 76 of Plaintiff's Complaint, Defendants admit that Howard Jendlin placed a call to Plaintiff who disguised himself by using an improper name. As to the balance of the allegations, Defendants do not contest the allegations.

77. As to the allegations contained in Paragraph 77 of Plaintiff's Complaint, Defendants plead no contest.

78. As to the allegations contained in Paragraph 78 of Plaintiff's Complaint, Defendants admit that Defendant Griffon was added to assist in the calls. As to the balance of the allegations, Defendants deny as false and untrue.

79. As to the allegations contained in Paragraph 79 of Plaintiff's Complaint, Defendants plead no contest.

80. As to the allegations contained in Paragraph 80 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs.

## POST INVESTIGATION

81. As to the allegations contained in Paragraph 81 of Plaintiff's Complaint, Defendants admit that Jason Williams spoke with Plaintiff. As to the balance of the allegations, Defendants deny as false and untrue.

## COUNT I

## VIOLATION OF THE TCPA - CALL ABANDONMENT

82. Defendants reincorporate their responses to Paragraphs 1 through 81 as though fully set forth herein.

83. As to the allegations contained in Paragraph 83 of Plaintiff's Complaint, no responsive pleading is required as Plaintiff is drawing a legal conclusion. To the extent a responsive pleading is required, Defendants deny as false and untrue.

84. As to the allegations contained in Paragraph 84 of Plaintiff's Complaint, no responsive pleading is required as Plaintiff is drawing a legal conclusion. To the extent a responsive pleading is required, Defendants deny as false and untrue.

## COUNT II

## VIOLATION OF THE TCPA - FAILURE TO IDENTIFY

85. Defendants reincorporate their responses to Paragraphs 1 through 84 as though fully set forth herein.

86. As to the allegations contained in Paragraph 86 of Plaintiff's Complaint, no responsive pleading is required as Plaintiff is drawing a legal conclusion. To the extent a responsive pleading is required, Defendants have not violated any federal act or regulation.

87. As to the allegations contained in Paragraph 87 of Plaintiff's Complaint, no responsive pleading is required as Plaintiff is drawing a legal conclusion. To the extent a responsive pleading is required, Defendants have not violated any federal act or regulation.

## COUNT III

## VIOLATION OF THE TCPA - DO NOT CALL

88. Defendants reincorporate their responses to Paragraphs 1 through 87 as though fully set forth herein.

89. As to the allegations contained in Paragraph 89 of Plaintiff's Complaint, no responsive pleading is required as Plaintiff is drawing a legal conclusion. To the extent a responsive pleading is required, Defendants have not violated any federal act or regulation.

90. As to the allegations contained in Paragraph 90 of Plaintiff's Complaint, Defendants deny as false and untrue.

## COUNT IV

## VIOLATION OF THE TCPA - INVALID CALLER ID

91. Defendants reincorporate their responses to Paragraphs 1 through 90 as though fully set forth herein.

92. As to the allegations contained in Paragraph 92 of Plaintiff's Complaint, no responsive pleading is required as Plaintiff is drawing a legal conclusion. To the extent a responsive pleading is required, Defendants have not violated any federal act or regulation.

93. As to the allegations contained in Paragraph 93 of Plaintiff's Complaint, Defendants deny as false and untrue

## COUNT V

## VIOLATION OF THE MTCCCA

94. Defendants reincorporate their responses to Paragraphs 1 through 93 as though fully set forth herein.

95. As to the allegations contained in Paragraph 95 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs. To the extent a responsive pleading is required, Defendants have not violated any State of Michigan act or regulation.

## COUNT VI

## VIOLATION OF THE MHSSA

96. Defendants reincorporate their responses to Paragraphs 1 through 95 as though fully set forth herein.

97. As to the allegations contained in Paragraph 97 of Plaintiff's Complaint, Defendants neither admit nor deny but leave Plaintiff to his proofs. To the extent a responsive pleading is required, Defendants have not violated any State of Michigan act or regulation.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants request that this honorable court dismiss Plaintiff's Complaint with prejudice, enter a Judgment of no cause of action; award Defendants costs and attorneys' fees most wrongfully and unnecessarily sustained herein; and award any and all other relief this Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendants asserts the following affirmative defenses to Plaintiff's Complaint:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The TCPA only applies to automated calls, and does not apply to calls made by individuals. Plaintiff has not specifically alleged use of an "automatic telephone dialing system" under the TCPA. Accordingly, Plaintiff is not entitled to relief under the TCPA.

3. Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to allege that Defendants made an automated call on a cell phone line for which Plaintiff was charged. Specifically, 47 U.S.C. §227(b)(1)(A)(iii) only restricts automated calls to a cell phone if "the called party is charged for the call." Plaintiff fails to identify calls to Plaintiff's cell phone which fall within the purview of the statute. Accordingly, Plaintiff is not entitled to relief under the TCPA.

4. Plaintiff's claims are barred, in whole or in part, due to the extent express consent was provided in connection with the alleged number called.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff's actions were insufficient to revoke prior express consent in connection with the alleged number called.

6. Defendants are not liable for any calls made by, or on behalf of, a tax-exempt entity.

7. Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was not due to the willful or intentional act of Defendants.

8. Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Defendants.

9. Plaintiff's claims are barred by the doctrine of laches or delay.

10. Plaintiff's claims are barred, in whole or in part, by any applicable statute of limitations.

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel and/or waiver.

12. Plaintiff's claims are barred by the doctrine of unclean hands.

13. Plaintiff's claims are barred because Defendants acted in good faith, in a commercially reasonable manner, and consistent with the requirements of the law, any relevant agreements, and the Parties' course of performance.

14. Defendants reserve the right to amend these affirmative defenses based upon the facts subsequently disclosed, discovered, or recalled.

**WHEREFORE**, Defendants request that this honorable court dismiss Plaintiff's Complaint with prejudice, enter a Judgment of no cause of action; award Defendants costs and attorneys' fees most wrongfully and unnecessarily sustained herein; and award any and all other relief this Court deems appropriate.

Respectfully submitted,

UFER, SPANIOLA & FROST, P.C.

　/s/　Kevin J. Elias
Kevin J. Elias (P60133)
Attorney for E-Cover Me, Inc., Jason Robert Williams, Ross Owen Griffon and Howard Todd Jendlin
5440 Corporate Drive, Suite 250
Troy, MI  48098
(248) 641-7000

Dated:  February 9, 2022

## LOCAL RULE CERTIFICATION

I, Kevin J. Elias, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

           /s/   Kevin J. Elias
           Kevin J. Elias (P60133)

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Mark W. Dobronski | markdobronski@yahoo.com |
| Mark S. Demorest | mark@demonlaw.com |
| Derek R. Mullins | derek@demonlaw.com |

Respectfully submitted,

UFER, SPANIOLA & FROST, P.C.

           /s/   Kevin J. Elias
           Kevin J. Elias (P60133)
           Attorney for E-Cover Me, Inc., Jason Robert Williams, Ross Owen Griffon and Howard Todd Jendlin
           5440 Corporate Drive, Suite 250
           Troy, MI  48098
           (248) 641-7000

Dated:  February 9, 2022

284368/4