UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

        Plaintiff,

v.

ROYAL NEIGHBORS OF AMERICA et al.,

        Defendants.

_____

Case No. 22-10009
District Judge Mark A. Goldsmith
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND

On November 21, 2021, Mark W. Dobronski filed suit against Royal Neighbors of America, E-Cover Me, Inc., Jason Robert Williams, Ross Owen Griffon, and Howard Todd Endlin in the Circuit Court of Washtenaw County, Michigan, asserting violations of the Telephone Consumer Protection Act of 1991, Michigan Home Solicitation Sales Act, and Michigan Telephone Companies as Common Carriers Act. (ECF No. 1.) On January 4, 2022, Royal Neighbors removed the action to federal court. *Id.* This matter is before the Court on Dobronski's motion to remand. (ECF No. 16.) All defendants responded. (ECF Nos. 23, 24.)

For the reasons below, the Court **RECOMMENDS** that Dobronski's motion be **DENIED**.

I.   Analysis

For a defendant to remove a case to federal court, the following requirements must be met: (1) the defendant must file a notice of removal in the district court signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter; and (3) the defendant must also establish that the federal court has jurisdiction.[1] 28 U.S.C. § 1446(a), (b). In a case with multiple defendants, a removing defendant must obtain consent of removal from all other defendants. 28 U.S.C. § 1446(b)(2)(A). Despite Dobronski's assertion that not all defendants consented to removal at the time defendant Royal Neighbors removed this case, the Court concludes that the defendants satisfied the rule of unanimity.

Royal Neighbors received its service of summons on December 9, 2021. (ECF No. 10-1, PAGEID.85.) The parties do not dispute that Royal Neighbors timely filed a notice of removal on January 4, 2022. (ECF No. 1.) The notice, signed by counsel for Royal Neighbors, included the following statement: "The other Defendants have confirmed that they consent to removal of the case to

---

[1] Dobronski does not dispute that this Court possesses subject matter jurisdiction over his claims.

Federal Court." (*Id.* at PAGEID.4.) The notice also included a Rule 11 certification. *Id.*

Dobronski contends that Royal Neighbors filed a defective notice of removal because it did not contain written evidence of the co-defendants' consent. (ECF No. 16.) Dobronski cites cases from non-binding jurisdictions. *Id.* However, the United States Court of Appeals for the Sixth Circuit, whose opinions bind this Court, directly addressed this issue in 2004. In *Harper v. AutoAlliance Int'l, Inc.*, the Sixth Circuit held that Rule 11 does not prohibit counsel for the removing defendant to make representations as to consent on behalf of co-defendants. 392 F.3d 195, 201–02 (6th Cir. 2004). The Sixth Circuit rationalized that if the removing defendant misrepresented a co-defendant's consent, the co-defendant would raise the issue in court. *Id.* at 202. Here, the rule of unanimity was satisfied when Royal Neighbors stated in its Rule 11-certified notice of removal that its co-defendants consented to removal.

At oral argument, Dobronski also argued that the co-defendants improperly filed their concurrence after the 30-day statutory window. This argument lacks merit. First, as discussed above, the statement of concurrence in the notice of removal satisfied the rule of unanimity. Second, even if the statement of concurrence did not satisfy the rule of unanimity, the co-defendants complied with the rule by opposing Dobronski's motion to remand (ECF No. 24) and filing an

answer that did not contest the district court's jurisdiction (ECF No. 22). *See Harper*, 392 F.3d at 202. In *Klein v. Manor Healthcare Corp*, the Sixth Circuit rejected the plaintiff's argument that the defendants' failure to include all defendants in a removal petition could not be cured beyond the 30-day removal period. No. 92–4328/4347, 1994 WL 91786, at *5 (6th Cir. Mar. 22, 1994). Finally, a review of *Harper* illustrates that no requirement exists in the Sixth Circuit that a co-defendant submit a filing to affirm consent of a defendant's removal. *Harper*, 392 F.3d at 201–02.

Even if this Court did adopt Dobronski's view that a co-defendant must file a notice to affirm consent, any defects here in satisfying the rule of unanimity were cured by the co-defendants' subsequent filings. *Harper*, 392 F.3d at 202; *Klein*, 1994 WL 91786 at *5.

The Court therefore finds that Royal Neighbors established satisfaction of the rule of unanimity.

## II. Conclusion

For the reasons above, the Court **RECOMMENDS** that Dobronski's motion to remand be **DENIED**. Additionally, at oral argument, the Court stated it would provide the defendants leave to file a motion for attorney's fees, but upon further reconsideration, the Court declines to provide such leave.

Dated: March 31, 2022        s/**Jonathan J.C. Grey**
                                                       Jonathan J.C. Grey
                                                       United States Magistrate Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2022.

s/ **S. Osorio**
Sandra Osorio
Case Manager
