## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

           Plaintiff,

v.

**E-COVER ME, INC.**
d/b/a **SENIOR BENEFITS LIFE
INSURANCE**; et seq,

           Defendants.

Case No. **2:22-cv-10009-MAG-JJCG**

Honorable Mark A. Goldsmith
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

_____

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

NOW COMES the Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, and pursuant to Fed. R. Civ. Pr. 37(a), files this Motion to Compel Discovery. In support thereof, Plaintiff respectfully shows as follows.

## I.   **E.D. Mich. L.R. 7.1 Certification**

The undersigned pro se party certifies that he communicated in writing with opposing counsel, as well as having left telephone messages, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

1

## II.   <u>Background</u>

On July 29, 2022, Plaintiff served the following discovery papers upon Defendant E-Cover Me, Inc.:

- *Plaintiff's First Requests for Admissions to Defendant E-Cover Me, Inc.*;

- *Plaintiff's First Set of Interrogatories to Defendant E-Cover Me, Inc.* [Copy attached at **EXHIBIT A**]; and,

- *Plaintiff's First Requests for Production of Documents to Defendant E-Cover Me, Inc.* [Copy attached at **EXHIBIT B**].

Pursuant to the Federal Rules of Civil Procedure, each of the requests for admissions, interrogatories, and production of documents *must* be responded to within 30 days after being served.  See Fed. R. Civ. Pr. 36(a)(3), Fed. Civ. R. Pr. 33(b)(2), and Fed. R. Civ. Pr. 34(b)(2)(A).  Accordingly, the deadline for responding to all of the above-listed discovery papers was August 26, 2022.

Coincidentally, on August 26, 2022, ECMI responded to *Plaintiff's First Requests for Admissions to Defendant E-Cover Me, Inc.*, but did **<u>not</u>** respond to either *Plaintiff's First Set of Interrogatories to Defendant E-Cover Me, Inc.* or *Plaintiff's First Requests for Production of Documents to Defendant E-Cover Me, Inc.*

Fed. R. Civ. P. 37(a)(1) promulgates:

"On notice to other parties and all affected persons, a party

2

> may move for an order compelling disclosure or discovery.
> The motion must include a certification that the movant has
> in good faith conferred or attempted to confer with the
> person or party failing to make disclosure or discovery in
> an effort to obtain it without court action."

Plaintiff has attempted in good faith to obtain responses to the unresponded

discovery requests without court action.  On September 14, 2022 and September 15,

2022, Plaintiff telephoned ECMI's attorney, who allegedly was not in, and left

messages.  The messages went unresponded to.  On September 15, 2022, Plaintiff

sent an email message to ECMI's attorney. [See EXHIBIT C].  Plaintiff has received

no response to the email message.  On September 19, 2022, Plaintiff again telephoned

ECMI's attorney, who allegedly was not in, and left a message.  Once again, Plaintiff

has received no response from ECMI's attorney.  Accordingly, Plaintiff has been left

with no alternative but to have to ask this Honorable Court to intervene and compel

the discovery responses.

Fed. R. Civ. P. 37(a)(5)(A) promulgates:

> "If the motion is granted--or if the disclosure or requested
> discovery is provided after the motion was filed – the court
> must, after giving an opportunity to be heard, require the
> party or deponent whose conduct necessitated the motion,
> the party or attorney advising that conduct, or both to pay
> the movant's reasonable expenses incurred in making the
> motion, including attorney's fees...."

When one party elects obstinately to ignore discovery requests by his opposite

party, the party seeking orderly discovery has no place to turn except to the judge presiding, which then adds to the workload of the heavily burdened trial judge by requiring him to have to superintend over the process. Nowhere in the rules is it provided that a litigant may, at his option, just ignore interrogatories and similar discovery documents; a party who does so, does so at the peril of inviting drastic remedy. *Dorrough v. Mullikin*, 563 F.2d 187, 191 (5th Cir. 1977).

## III.  <u>Conclusion</u>

WHEREFORE, the foregoing premises considered, Plaintiff respectfully requests this Honorable Court to: (1) grant this motion; (2) order that Defendant E-Cover Me, Inc. fully and completely respond to *Plaintiff's Plaintiff's First Set of Interrogatories to Defendant E-Cover Me, Inc.* and *Plaintiff's First Requests for Production of Documents to Defendant E-Cover Me, Inc.* by a date certain as specified by the Court; (3) order Defendant E-Cover Me, Inc. to pay Plaintiff's reasonable expenses incurred in making this motion; and, (4) such additional or alternate relief as this Court deems just and reasonable under the circumstances.

Respectfully submitted,

Dated: September 20, 2022

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I, Mark W. Dobronski, certify that on **September 20, 2022**, I caused a copy of the foregoing *Plaintiff's Motion to Compel Discovery* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail, and a courtesy copy via electronic mail, addressed as follows:

Kevin J. Elias, Esq.
Ufer, Spaniola & Frost, P.C.
5440 Corporate Drive, Suite 250
Troy, Michigan 48098
kje@usf-law.com

_____
Mark W. Dobronski

# EXHIBIT



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

      Plaintiff,

v.

**E-COVER ME, INC.**
d/b/a **SENIOR BENEFITS LIFE
INSURANCE;
ROYAL NEIGHBORS OF AMERICA;
JASON ROBERT WILLIAMS;
ROSS OWEN GRIFFON**; and
**HOWARD TODD JENDLIN**,

      Defendants.

Case No. **2:22-cv-10009-MAG-JJCG**

Honorable Mark A. Goldsmith
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

_____

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO
## <u>DEFENDANT E-COVER ME, INC.</u>

Plaintiff MARK W. DOBRONSKI, pursuant to Rule 33 of the Federal Rules

of Civil Procedure, propounds these Interrogatories, which Defendant E-Cover Me,

Inc. shall answer separately and fully, in writing and under oath, within thirty (30)

days of service hereof, in accordance with the instructions and definitions set forth

hereinafter.

**<u>Instructions</u>**

- 1 -

1.  Unless otherwise specified, these interrogatories are limited to the time period from January 1, 2021 to present.

2. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

3.  Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.  For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

5.  Answer each interrogatory fully. If you object to any interrogatory, state the

reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

6.  For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## Definitions

As used in these Interrogatories:

1.  "Defendant" or "ECMI" means E-Cover Me, Inc., including all affiliates and/or subsidiaries, and including all agents, employees, managers, employees, and representatives.

2.  The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

3.  "Document" means any written, recorded, or graphic material of any kind,

whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

- 4 -

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

4. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the

subject matter, the date of preparation, and its number of pages; and

    e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

  5.  "Including" means including, but not limited to.

  6.  "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

  7.  "Plaintiff" means Mark W. Dobronski.

  8.  "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

  9.  "Relevant time period" means the time period stated in paragraph 1 of the Instructions.

  10.  "You," "your" or "your company" means Defendant.

  11.  The terms "advertisement," "automatic telephone dialing system," "prior express written consent," "seller," "telemarketer," "telemarketing," and "telephone

- 6 -

solicitation" shall have the meanings as ascribed to them respectively at 47 C.F.R. § 64.1200(f).

12.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## Interrogatories

**Interrogatory Number 1:** Identify all persons, other than its attorneys, to which ECMI has disclosed Plaintiff's name and/or telephone number(s) and/or any details of this lawsuit to subsequent to the filing of this lawsuit, the date of such disclosure, and the purpose for such disclosure.

**Response:**


**Interrogatory Number 2:** Identify all third-party persons which ECMI utilizes to supply ECMI with telemarketing leads.

**Response:**

**Interrogatory Number 3:** Identify the person that provided ECMI the lead, including all information provided, resulting in the initiation of the telephone solicitation described as "Call Number 2" in the Complaint.

**Response:**

**Interrogatory Number 4:** To the extent that any of your responses to any of Plaintiff's First Requests for Admissions to Defendant E-Cover Me, Inc. is other than an unqualified admission: list the request number, list all facts on which you based any part of your response that is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

Respectfully submitted,

Dated: July 29, 2022

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Dobronski, certify that on **July 29, 2022**, I caused a copy of the foregoing *Plaintiff's First Set of Interrogatories to Defendant E-Cover Me, Inc.* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail, addressed as follows:

        Kevin J. Elias, Esq.
        Ufer, Spaniola & Frost, P.C.
        5440 Corporate Drive, Suite 250
        Troy, Michigan 48098

        Mark S. Demorest, Esq.
        Demorest Law Firm, PLLC
        322 West Lincoln Avenue
        Royal Oak, Michigan 48067-2571

                      _____
                      Mark W. Dobronski

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

      Plaintiff,

v.

**E-COVER ME, INC.**
d/b/a **SENIOR BENEFITS LIFE
INSURANCE**;
**ROYAL NEIGHBORS OF AMERICA**;
**JASON ROBERT WILLIAMS**;
**ROSS OWEN GRIFFON**; and
**HOWARD TODD JENDLIN**,

      Defendants.

Case No. **2:22-cv-10009-MAG-JJCG**

Honorable Mark A. Goldsmith
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

_____

## PLAINTIFF'S FIRST REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO
## <u>DEFENDANT E-COVER ME, INC.</u>

Plaintiff Mark W. Dobronski ("Dobronski") submits the following Requests

for Production of Documents to Defendant E-Cover Me, Inc.  Pursuant to Fed. R. Civ.

P. 34, you are required to provide documents, as defined below, and file written

responses and answers to the requests for production within thirty (30) days of service

of them upon you.

### <u>General Instructions and Defintions</u>

The word "Plaintiff" means Mark W. Dobronski.

The word "Defendant" or "ECMI" means E-Cover Me, Inc., including all affiliates and/or subsidiaries, and including all agents, employees, managers, and representatives.

The word "documents" includes those in the custody or control of Defendant, their attorneys or their investigators, or of any third parties to whom Defendant have surrendered possession, custody or control, or who are acting on their behalf, or who have otherwise obtained possession, custody or control, or who, upon their request, would surrender possession, custody or control to Defendant.

As used in these requests, the term "document" includes, without limitation, the original or any copies, regardless of origin or location, of any book, pamphlet, periodical, application, agreement, appointment calendar, letter, diary, memorandum, message, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check,  statement, chart, graph, map, diagram, blueprints, table, index, picture, voice recording, tape, microfilm, tape data sheet or data processing card or disk, summary, notebooks, photographs, instructions, electronically-stored data, minutes, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile,

- 2 -

computer-storage device or any other media to which Plaintiff has or had access, and any copies of reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of a copy sent or received or otherwise including drafts.

Each request for documents to be produced contemplates production of the documents in their entirety, without abbreviation or expurgation. "Documents" are considered to include all attachments, enclosures and other documents which relate or refer to the original document.

If Defendant cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Defendant's inability to answer the remainder and stating whatever information and knowledge they have concerning the document they are unable to produce.  If any such document was, but is no longer, in her possession, custody or control, state how it was disposed of and the reason for such disposition.

If any document called for by these requests has been destroyed, the document is to be identified as follows:

1.     Address or (if applicable);

2.     Addressee (if applicable);

3.     Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

8.      All persons to whom it was distributed, shown or explained;

9.      Date of destruction;

10.     Manner and reason for destruction;

11.     Person who authorized destruction; and

12.     Person who destroyed the document.

If any document called for by these requests is withheld on the basis of a claim of privilege, identify the document as follows:

1.      Address or (if applicable);

2.      Addressee (if applicable);

3.      Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

8.      All persons to whom it was distributed, shown or explained; and

- 4 -

9.      Present custodian and nature of the privilege asserted.

The term "identify" means, when used with reference to an individual person, organization, corporation or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to.

The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g. chart, memorandum, letter, or other written document) and its present or last known custodian.

These requests shall be deemed continuing in nature, so as to require further and supplemental production if Plaintiff receives or generates additional documents between the time of original production and the time of trial.

### **Requests to Produce**

**Request to Produce No. 1:** ECMI's written policy for maintaining a do-not-call list, including any and all revisions thereto.

**Response:**


**Request to Produce No. 2:**   ECMI's internal do-not-call list.

- 5 -

**Response:**


**Request to Produce No. 3:** Copies of any do-not-call list provided by ECMI to any third-party engaged in telemarketing or telephone solicitation for or on behalf of ECMI.

**Response:**


**Request to Produce No. 4:** Any contracts or written agreements which exist between ECMI and any third-party engaged in telemarketing or telephone solicitation for or on behalf of ECMI.

**Response:**


**Request to Produce No. 5:** Documents which evidence all "prior express written consent" authorizing ECMI to deliver or cause to be delivered to any person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice including the telephone number to which each such person authorizes such calls to be delivered.

**Response:**

**Request to Produce No. 6:** Documents which evidence "prior express written consent" for ECMI to initiate telemarketing calls or telephone solicitations using an automatic telephone dialing system or an artificial or prerecorded voice message to telephone number 734-424-1212.

**Response:**


**Request to Produce No. 7:** Documents which evidence all telephone numbers subscribed to or utilized by ECMI during the period July 1, 2020 through November 30, 2021.

**Response:**


**Request to Produce No. 8:** Documents which evidence all "leads" which ECMI's third party telemarketing lead generators have supplied to ECMI during the period July 1, 2020 through November 30, 2021 which documents shall include, at minimum: date, name, and telephone number of the prospective lead, and any additional information supplied by the telemarketing lead generator.

**Response:**


**Request to Produce No. 9:** Produce a copy of the list of telephone of telephone

- 7 -

numbers that the seller may not contact, as required by 47 C.F.R. §
64.1200(c)(2)(i)(C).

**Response:**


**Request to Produce No. 10:** Docuemnts which evidence each occasion when ECMI

obtained copies of the national do-not-call database for North American Numbering

Plan area code 734 during the period July 1, 2020 through November 30, 2021.

**Response:**


**Request to Produce No. 11:** Audio recordings of all telemarketing calls in which

Howard Jendlin participated on November 2, 2021.

**Response:**


**Request to Produce No. 12**: Audio recordings of all telemarketing calls in which

Ross Griffon participated on November 2, 2021.

**Response:**


**Request to Produce No. 13:** Produce any and all correspondence by and between

ECMI and any third party which in any way discuss the allegations set forth in the

Complaint in this matter.

**<u>Response:</u>**

**<u>Request to Produce No. 14:</u>**   Copy of the signed, written agreement obtained by ECMI evidencing the prior express invitation or permission for ECMI to contact telephone number 734-424-1212.

**<u>Response:</u>**

**<u>Request to Produce No. 15:</u>** Produce records which detail the name, any fictitious name used, the last known home address and telephone number, and the job title(s), for all current and former employees directly involved in telephone sales or solicitations.

**<u>Response:</u>**

**<u>Request to Produce No. 16:</u>** Any and all correspondence or communications by ECMI with any third person, other than ECMI's attorneys, which in any way address or discuss Plaintiff, this lawsuit, or any of the allegations raised in this lawsuit.

**<u>Response:</u>**

**Request to Produce No. 17:**   ECMI's federal tax return for the most recent tax year

ended.

**Response:**


**Request to Produce No. 18:** Documents which support ECMI's affirmative defense

that Plaintiff's claims are barred, in whole or in part, due the extent express consent

was provided in connection with the alleged number called.

Response:

Respectfully submitted,

Dated: July 29, 2022

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Dobronski, certify that on **July 29, 2022**, I caused a copy of the foregoing *Plaintiff's First Requests for Production of Documents to Defendant E-Cover Me, Inc.* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail, addressed as follows:

Kevin J. Elias, Esq.
Ufer, Spaniola & Frost, P.C.
5440 Corporate Drive, Suite 250
Troy, Michigan 48098

Mark S. Demorest, Esq.
Demorest Law Firm, PLLC
322 West Lincoln Avenue
Royal Oak, Michigan 48067-2571

_____
Mark W. Dobronski

# EXHIBIT



Re: Discovery Requests

From:   Mark Dobronski (markdobronski@yahoo.com)

To:   kje@usf-law.com

Date:   Thursday, September 15, 2022 at 10:36 AM EDT

Mr. Elias:

On July 29, 2022, I served the following discovery requests upon E-Cover Me, Inc.:

1.  Plaintiff's First Requests for Admissions;
2.  Plaintiff's First Interrogatories; and,
3.  Plaintiff's First Requests for Production.

By e-mail dated August 8, 2022, you acknowledged that you had received the discovery requests, and you requested that I provide electronic copies in MSWORD format "to facilitate the response".

Despite the responsive deadline having passed, and my assisting to "facilitate the response", I have only received a response to the Requests for Admissions, but not the interrogatories or document production requests.

WHEN can I expect to receive the required responses?  I would like to believe that I do not need to reach out to the Court for assistance in "facilitiating" your response.

Thank you for your prompt response.

Mark Dobronski


On Monday, August 8, 2022 at 05:30:44 PM EDT, Mark Dobronski <markdobronski@yahoo.com> wrote:

Kevin,

I utilize WORD PERFECT, but MS WORD should be able to convert.  Attached are the 4 documents.

Regards,

Mark Dobronski


On Monday, August 8, 2022 at 11:08:13 AM EDT, Kevin J. Elias <kje@usf-law.com> wrote:


Mark,

I am in receipt of your discovery requests. Can you please provide them in a word document to facilitate the response?

Thank you,

Kevin

UFER SPANIOLA
& FROST P.C.

Kevin J. Elias, Esq.

E-mail:  kje@usf-law.com

Phone:  (248) 641-7000, Ext. 889

Ufer, Spaniola & Frost, P.C.

5440 Corporate Drive, Suite 250, Troy, MI 48098

Fax:  (248) 641-5120  |  Website: www.usf-law.com

_____

This electronic mail transmission contains confidential and/or privileged information intended only for the person(s) named.  Any use, distribution, copying or disclosure by another person is strictly prohibited.  All personal messages, if any, express the views of only the sender, not the Firm.  If you receive this message in error, please delete it.

Any discussion of tax issues contained in this communication (including any attachments) was not intended or written to be used, and cannot be used or referred to, by any person for the purpose of (i) avoiding tax-related penalties, or (ii) promoting, marketing or recommending to another person any transaction or matter addressed in this communication (including any attachments)