## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

      Plaintiff,

v.

**E-COVER ME, INC.**
d/b/a **SENIOR BENEFITS LIFE INSURANCE**; et seq,

      Defendants.

Case No. **2:22-cv-10009-MAG-JJCG**

Honorable Mark A. Goldsmith
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

---

## PLAINTIFF'S MOTION FOR SANCTIONS
## FOR DEFENDANT'S'
## <u>FAILURE COMPLY WITH COURT ORDER</u>

NOW COMES the Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, and pursuant to Fed. R. Civ. P. 37(b)(2)(A), files this Motion for Sanctions for Defendants'[1] Failure to Comply with Court Order. In support thereof, Plaintiff respectfully shows as follows.

---

[1] For purposes of this motion, the term "Defendants" includes E-Cover Me, Inc. d/b/a Senior Benefits Life Insurance, Jason Robert Williams, Robert Owen Griffon, and Howard Todd Jendlin.

1

## E.D. Mich. L.R. 7.1 Certification

The undersigned *pro se* party certifies, over the past ten (10) days – Saturday and Sunday excluded -- the undersigned personally telephoned Defendants' counsel on a daily basis, that on each occasion counsel was "unavailable", and Plaintiff left voice mail messages asking for counsel to respond back to Plaintiff, but that Defendants' counsel did not return or respond to any of the messages left.[2]

## Background

On July 29, 2022, Plaintiff served the following discovery papers upon Defendant E-Cover Me, Inc.:

- *Plaintiff's First Requests for Admissions to Defendant E-Cover Me, Inc.*;

- *Plaintiff's First Set of Interrogatories to Defendant E-Cover Me, Inc.* [Copy attached at **EXHIBIT A**]; and,

- *Plaintiff's First Requests for Production of Documents to Defendant E-Cover Me, Inc.* [Copy attached at **EXHIBIT B**].

Pursuant to the Federal Rules of Civil Procedure, each of the requests for admissions, interrogatories, and production of documents *must* be responded to within 30 days after being served. See Fed. R. Civ. P. 36(a)(3), Fed. Civ. R. P.

---

[2] Plaintiff left his cellular telephone number, which telephone Plaintiff carries on a 24/7 basis.

33(b)(2), and Fed. R. Civ. P. 34(b)(2)(A).  Accordingly, the deadline for responding

to all of the above-listed discovery papers was August 26, 2022.

Coincidentally, on August 26, 2022, ECMI responded to *Plaintiff's First Requests for Admissions to Defendant E-Cover Me, Inc.*, but did **not** respond to either *Plaintiff's First Set of Interrogatories to Defendant E-Cover Me, Inc.* or *Plaintiff's First Requests for Production of Documents to Defendant E-Cover Me, Inc.*

Attempts by Plaintiff to seek the outstanding discovery without court intervention were unsuccessful.  Thus, on September 20, 2022, Plaintiff filed a Motion to Compel Discovery. [ECF No. 32].

Whilst the motion to compel was pending, Defendants' counsel contacted Plaintiff and sought to enter into a stipulation that Defendants would have 14 days to respond to Plaintiff's outstanding discovery requests which was filed with the Court, thereby mooting the need for the Court to consider Plaintiff's then-pending motion to compel.. On October 25, 2022, the Court entered the Stipulated Order Compelling Discovery.  [ECF No. 34].  As a result of the order, Defendants had until November 8, 2022 to respond to Plaintiff's outstanding discovery requests.

The court ordered deadline – November 8, 2022 – has come and gone, but Defendants have still failed to respond to Plaintiff's outstanding discovery requests.

Fed. R. Civ. P. 37(b)(2)(A) promulgates:

"For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

In addition, Fed. R. Civ. P. 37(b)(2)(C) promulgates:

"Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Plaintiff has attempted in good faith to obtain responses to the unresponded discovery requests without court action without success.  As a result, Plaintiff has been left with no alternative but to have to ask this Honorable Court to intervene and compel the discovery responses.

Defendants' conduct is wilful and is in bad faith as is evidenced by Defendants' brazen failure to comply with the stipulated court order which Defendants' requested Plaintiff enter into with them.  Discovery in this case is now closed, thus Plaintiff has been prejudiced by Defendants' repetitious failure to respond to Plaintiff's interrogatories and document production requests.  This Court must issue an appropriate sanction to punish Defendants and deter both Defendants and others from such conduct in the future.  Plaintiff submits that the only appropriate sanction for Defendants' collective wilful failure to comply with the court's order is to strike Defendants' answer and enter a default judgment against the Defendants for the amount sought in Plaintiff's Complaint.

When one party elects obstinately to ignore discovery requests by his opposite party, the party seeking orderly discovery has no place to turn except to the judge presiding, which then adds to the workload of the heavily burdened trial judge by requiring him to have to superintend over the process.  Nowhere in the rules is it provided that a litigant may, at his option, just ignore interrogatories and similar

discovery documents; a party who does so, does so at the peril of inviting drastic remedy. *Dorrough v. Mullikin*, 563 F.2d 187, 191 (5th Cir. 1977).

The Court's expectation that its discovery rulings will be obeyed is justified under the federal rules, which allow the Court to punish non-compliance with its discovery orders by ordering the striking out [of] pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. *Pauley v. United Operating Co.*, 606 F.Supp. 520, 526 (D.C.Mich.,1985). Entry of default against defendant for failure to respond to interrogatories and refusal to set aside such default, was not an abuse of discretion in view of defendant's dilatory and contumacious tactics. *Michigan Window Cleaning Co. v. Martino*, 173 F.2d 466, 468 (C.A.6 1949).

## Conclusion

WHEREFORE, the foregoing premises considered, Plaintiff respectfully requests this Honorable Court enter its order: (1) granting this motion; (2) strike the Defendants' Answer to the Complaint [ECF No. 5]; (3) enter judgment by default for Plaintiff and against Defendants for the *ad damnum* amount as set forth in Plaintiff's Complaint [ECF No. 1, PageID.32]; (4) order Defendants to pay Plaintiff's reasonable expenses necessitated in the filing of this motion; (5) such further or additional relief

as is just and reasonable under the circumstances.

Respectfully submitted,

Dated: November 30, 2022

_____
Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com

## CERTIFICATE OF SERVICE

I, Mark W. Dobronski, certify that on **November 30, 2022**, I caused a copy of the foregoing *Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with Court Order* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

Kevin J. Elias, Esq.
Ufer, Spaniola & Frost, P.C.
5440 Corporate Drive, Suite 250
Troy, Michigan 48098

_____
Mark W. Dobronski

# EXHIBIT



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

        Plaintiff,

v.

**E-COVER ME, INC.**
d/b/a **SENIOR BENEFITS LIFE INSURANCE**;
**ROYAL NEIGHBORS OF AMERICA**;
**JASON ROBERT WILLIAMS**;
**ROSS OWEN GRIFFON**; and
**HOWARD TODD JENDLIN**,

        Defendants.

Case No. **2:22-cv-10009-MAG-JJCG**

Honorable Mark A. Goldsmith
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

_____

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO
## <u>DEFENDANT E-COVER ME, INC.</u>

Plaintiff MARK W. DOBRONSKI, pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds these Interrogatories, which Defendant E-Cover Me, Inc. shall answer separately and fully, in writing and under oath, within thirty (30) days of service hereof, in accordance with the instructions and definitions set forth hereinafter.

**<u>Instructions</u>**

1.  Unless otherwise specified, these interrogatories are limited to the time period from January 1, 2021 to present.

2. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

3.  Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.  For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

5.  Answer each interrogatory fully. If you object to any interrogatory, state the

- 2 -

reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

6.  For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## Definitions

As used in these Interrogatories:

1.  "Defendant" or "ECMI" means E-Cover Me, Inc., including all affiliates and/or subsidiaries, and including all agents, employees, managers, employees, and representatives.

2.  The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

3.  "Document" means any written, recorded, or graphic material of any kind,

whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

- 4 -

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

4. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the

subject matter, the date of preparation, and its number of pages; and

        e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

    5.  "Including" means including, but not limited to.

    6.  "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

    7.  "Plaintiff" means Mark W. Dobronski.

    8.  "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

    9.  "Relevant time period" means the time period stated in paragraph 1 of the Instructions.

    10.  "You," "your" or "your company" means Defendant.

    11.  The terms "advertisement," "automatic telephone dialing system," "prior express written consent," "seller," "telemarketer," "telemarketing," and "telephone

solicitation" shall have the meanings as ascribed to them respectively at 47 C.F.R. § 64.1200(f).

12.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## Interrogatories

**Interrogatory Number 1:** Identify all persons, other than its attorneys, to which ECMI has disclosed Plaintiff's name and/or telephone number(s) and/or any details of this lawsuit to subsequent to the filing of this lawsuit, the date of such disclosure, and the purpose for such disclosure.

**Response:**


**Interrogatory Number 2:** Identify all third-party persons which ECMI utilizes to supply ECMI with telemarketing leads.

**Response:**

**Interrogatory Number 3:** Identify the person that provided ECMI the lead, including all information provided, resulting in the initiation of the telephone solicitation described as "Call Number 2" in the Complaint.

**Response:**


**Interrogatory Number 4:**   To the extent that any of your responses to any of Plaintiff's First Requests for Admissions to Defendant E-Cover Me, Inc. is other than an unqualified admission: list the request number, list all facts on which you based any part of your response that is not an unqualified admission, identify all documents memorializing each such fact, and identify all persons with knowledge of each such fact.

**Response:**

Respectfully submitted,

Dated: July 29, 2022

_____

Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com

- 8 -

## **CERTIFICATE OF SERVICE**

I, Mark W. Dobronski, certify that on **July 29, 2022**, I caused a copy of the foregoing *Plaintiff's First Set of Interrogatories to Defendant E-Cover Me, Inc.* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail, addressed as follows:

Kevin J. Elias, Esq.
Ufer, Spaniola & Frost, P.C.
5440 Corporate Drive, Suite 250
Troy, Michigan 48098

Mark S. Demorest, Esq.
Demorest Law Firm, PLLC
322 West Lincoln Avenue
Royal Oak, Michigan 48067-2571

_____
Mark W. Dobronski

# EXHIBIT

# B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MARK W. DOBRONSKI**,

      Plaintiff,

v.

**E-COVER ME, INC.**
d/b/a **SENIOR BENEFITS LIFE INSURANCE**;
**ROYAL NEIGHBORS OF AMERICA**;
**JASON ROBERT WILLIAMS**;
**ROSS OWEN GRIFFON**; and
**HOWARD TODD JENDLIN**,

      Defendants.

Case No. **2:22-cv-10009-MAG-JJCG**

Honorable Mark A. Goldsmith
United States District Judge

Honorable Jonathan J.C. Grey
United States Magistrate Judge

---

## PLAINTIFF'S FIRST REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO
## <u>DEFENDANT E-COVER ME, INC.</u>

Plaintiff Mark W. Dobronski ("Dobronski") submits the following Requests for Production of Documents to Defendant E-Cover Me, Inc.  Pursuant to Fed. R. Civ. P. 34, you are required to provide documents, as defined below, and file written responses and answers to the requests for production within thirty (30) days of service of them upon you.

## <u>General Instructions and Defintions</u>

- 1 -

The word "Plaintiff" means Mark W. Dobronski.

The word "Defendant" or "ECMI" means E-Cover Me, Inc., including all affiliates and/or subsidiaries, and including all agents, employees, managers, and representatives.

The word "documents" includes those in the custody or control of Defendant, their attorneys or their investigators, or of any third parties to whom Defendant have surrendered possession, custody or control, or who are acting on their behalf, or who have otherwise obtained possession, custody or control, or who, upon their request, would surrender possession, custody or control to Defendant.

As used in these requests, the term "document" includes, without limitation, the original or any copies, regardless of origin or location, of any book, pamphlet, periodical, application, agreement, appointment calendar, letter, diary, memorandum, message, telegram, cable, report, record, study, stenographic or handwritten note, working paper or draft, invoice, voucher, check, statement, chart, graph, map, diagram, blueprints, table, index, picture, voice recording, tape, microfilm, tape data sheet or data processing card or disk, summary, notebooks, photographs, instructions, electronically-stored data, minutes, or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, whether produced, reproduced, or on paper, cards, tapes, films, electronic facsimile,

computer-storage device or any other media to which Plaintiff has or had access, and any copies of reproductions of any of the above that differ in any respect from the original, whether by interlineation, receipt stamp, notation, indication of a copy sent or received or otherwise including drafts.

Each request for documents to be produced contemplates production of the documents in their entirety, without abbreviation or expurgation. "Documents" are considered to include all attachments, enclosures and other documents which relate or refer to the original document.

If Defendant cannot produce a document after exercising due diligence to secure it, so state and produce whatever portion of said document possible, specifying Defendant's inability to answer the remainder and stating whatever information and knowledge they have concerning the document they are unable to produce.  If any such document was, but is no longer, in her possession, custody or control, state how it was disposed of and the reason for such disposition.

If any document called for by these requests has been destroyed, the document is to be identified as follows:

      1.      Address or (if applicable);

      2.      Addressee (if applicable);

      3.      Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

8.      All persons to whom it was distributed, shown or explained;

9.      Date of destruction;

10.     Manner and reason for destruction;

11.     Person who authorized destruction; and

12.     Person who destroyed the document.

If any document called for by these requests is withheld on the basis of a claim of privilege, identify the document as follows:

1.      Address or (if applicable);

2.      Addressee (if applicable);

3.      Indicated or blind copies;

4.      Date;

5.      Subject matter;

6.      Number of pages;

7.      Attachments and appendices;

8.      All persons to whom it was distributed, shown or explained; and

- 4 -

9.      Present custodian and nature of the privilege asserted.

The term "identify" means, when used with reference to an individual person, organization, corporation or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to.

The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g. chart, memorandum, letter, or other written document) and its present or last known custodian.

These requests shall be deemed continuing in nature, so as to require further and supplemental production if Plaintiff receives or generates additional documents between the time of original production and the time of trial.

## Requests to Produce

**Request to Produce No. 1:** ECMI's written policy for maintaining a do-not-call list, including any and all revisions thereto.

**Response:**


**Request to Produce No. 2:**   ECMI's internal do-not-call list.

**Response:**


**Request to Produce No. 3:** Copies of any do-not-call list provided by ECMI to any third-party engaged in telemarketing or telephone solicitation for or on behalf of ECMI.

**Response:**


**Request to Produce No. 4:** Any contracts or written agreements which exist between ECMI and any third-party engaged in telemarketing or telephone solicitation for or on behalf of ECMI.

**Response:**


**Request to Produce No. 5:** Documents which evidence all "prior express written consent" authorizing ECMI to deliver or cause to be delivered to any person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice including the telephone number to which each such person authorizes such calls to be delivered.

**Response:**

**Request to Produce No. 6:** Documents which evidence "prior express written consent" for ECMI to initiate telemarketing calls or telephone solicitations using an automatic telephone dialing system or an artificial or prerecorded voice message to telephone number 734-424-1212.

**Response:**

**Request to Produce No. 7:** Documents which evidence all telephone numbers subscribed to or utilized by ECMI during the period July 1, 2020 through November 30, 2021.

**Response:**

**Request to Produce No. 8:** Documents which evidence all "leads" which ECMI's third party telemarketing lead generators have supplied to ECMI during the period July 1, 2020 through November 30, 2021 which documents shall include, at minimum: date, name, and telephone number of the prospective lead, and any additional information supplied by the telemarketing lead generator.

**Response:**

**Request to Produce No. 9:** Produce a copy of the list of telephone of telephone

numbers that the seller may not contact, as required by 47 C.F.R. §

64.1200(c)(2)(i)(C).

**Response:**


**Request to Produce No. 10:** Docuemnts which evidence each occasion when ECMI

obtained copies of the national do-not-call database for North American Numbering

Plan area code 734 during the period July 1, 2020 through November 30, 2021.

**Response:**


**Request to Produce No. 11:** Audio recordings of all telemarketing calls in which

Howard Jendlin participated on November 2, 2021.

**Response:**


**Request to Produce No. 12**: Audio recordings of all telemarketing calls in which

Ross Griffon participated on November 2, 2021.

**Response:**


**Request to Produce No. 13:** Produce any and all correspondence by and between

ECMI and any third party which in any way discuss the allegations set forth in the

Complaint in this matter.

**Response:**

**Request to Produce No. 14:** Copy of the signed, written agreement obtained by ECMI evidencing the prior express invitation or permission for ECMI to contact telephone number 734-424-1212.

**Response:**

**Request to Produce No. 15:** Produce records which detail the name, any fictitious name used, the last known home address and telephone number, and the job title(s), for all current and former employees directly involved in telephone sales or solicitations.

**Response:**

**Request to Produce No. 16:** Any and all correspondence or communications by ECMI with any third person, other than ECMI's attorneys, which in any way address or discuss Plaintiff, this lawsuit, or any of the allegations raised in this lawsuit.

**Response:**

**Request to Produce No. 17:**   ECMI's federal tax return for the most recent tax year ended.

**Response:**

**Request to Produce No. 18:** Documents which support ECMI's affirmative defense that Plaintiff's claims are barred, in whole or in part, due the extent express consent was provided in connection with the alleged number called.

Response:

Respectfully submitted,

Dated: July 29, 2022

Mark W. Dobronski
Plaintiff *In Propria Persona*
Post Office Box 85547
Westland, Michigan 48185-0547
Telephone: (734) 330-9671
Email: markdobronski@yahoo.com

- 10 -

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Dobronski, certify that on **July 29, 2022**, I caused a copy of the foregoing *Plaintiff's First Requests for Production of Documents to Defendant E-Cover Me, Inc.* to be served by sending same in a sealed envelope, with first-class postage fully prepaid thereupon, and deposited in the United States Mail, addressed as follows:

> Kevin J. Elias, Esq.
> Ufer, Spaniola & Frost, P.C.
> 5440 Corporate Drive, Suite 250
> Troy, Michigan 48098
>
> Mark S. Demorest, Esq.
> Demorest Law Firm, PLLC
> 322 West Lincoln Avenue
> Royal Oak, Michigan 48067-2571

> _____
> Mark W. Dobronski